UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AHMED MOHAMMED<br>  Plaintiff,<br><br>vs.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND TIMOTHY PAUL MCCLURE, JANIE RENEE WILLIAMS AND JESSICA LEIGH HALL KROMM<br>  Defendant. | CIVIL ACTION NO. 4:19-cv-03087 |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 Defendant, Allstate Vehicle and Property Insurance Company gives notice and hereby removes this action from the County Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof would show unto the Court the following:

### I. BACKGROUND

1. On July 10, 2019 Plaintiff, filed Plaintiff's Original Petition (hereinafter "Petition") in Harris County, Texas, under Cause No. 2019-46877; *Ahmed Mohammad v. Allstate Vehicle and Property Insurance Company, Timothy Paul McClure, Janie Renee Williams and Jessica Leigh Hall Kromm;* in the 234th District Court. (the "State Court Action").

2. Plaintiff's claims relate to real property located at 7011 McClellan, Sugar Land Texas, 77479 and a homeowner's insurance policy issued by Defendant Allstate. Plaintiff's petition asserts claims against Allstate for breach of contract, violations of the Texas Insurance Code, Prompt Payment violations, and Breach of the Duty of Good Faith and Fair Dealing. Plaintiff claims Defendants McClure, Williams and Kromm actions constituted unfair settlement practices.

1

3. Defendant Allstate timely files this notice of removal within the 30-day timeframe dictated by 28 U.S.C. §1446(b)(2)(B). Defendant Williams is the only other defendant who has been served and consents to this removal. See, §1446(b)(2)(C).

## II. PROCEDURAL REQUIREMENTS

4. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, because the State Court Action is pending within this district and division. *See* 28 U.S.C. §1441(a); *Also see* 28 USC §124(b)(2).

5. Pursuant to LR 81, attached hereto as **Exhibit A** is an Index of Matters. Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibit B and C** and incorporated by reference is a true and correct copy of the docket sheet and all documents filed of record with the Court in the State Court Action including all process, pleadings, and orders served.

6. Simultaneously with the filing of this Notice of Removal, Defendant is filing notice of the removal in the State Court Action pursuant to 28 U.S.C. §1446(a), which is attached hereto as **Exhibit D**, and will provide written notice of the filing of this Notice of Removal to all parties as required by 28 U.S.C. §1446(a).

7. Included in this filing are Defendants Disclosure Statement and Certificate of Interested Parties pursuant to Rule 7.1 of the Federal Rules of Civil Procedure (**Exhibit E**) and List of All Counsel of Record (**Exhibit F).**

## III. BASIS FOR REMOVAL

8. Removal is proper in this case due to complete diversity. This Court has diversity jurisdiction under 28 U.S.C. §§1332(a). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

**A.     Diversity**

9.     Plaintiff is, and was at the time the lawsuit was filed, a natural person and a citizen of the State of Texas. *See* Plaintiff's Original Petition.

10.    Defendant, Allstate Vehicle and Property Insurance Company is a Delaware Corporation with its principal place of business in Illinois.

11.    Defendant McClure is a citizen of Georgia.  Defendant Kromm is a citizen of Illinois. Defendant Williams is a citizen of South Carolina.

**B.     Improper Joinder**

12.    Aside from diversity, Defendants McClure, Kromm and Williams ("Adjustor Defendants") were improperly joined.  The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The removing party bears the burden of demonstrating improper joinder. *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)). The Fifth Circuit explained that a removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc). Under the second way, the test for improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573. The Fifth Circuit's *en banc* decision in *Smallwood* unequivocally adopted this phrasing as the test for fraudulent joinder. *Id.* ("To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the other appear to describe the same standard or not").

3

13.     Plaintiff has pled that Adjuster Defendants engaged in unfair settlement practices under Tex. Ins. Code §541.060. The majority of Texas federal courts that have addressed § 541.060 unfair settlement practices allegations against an adjuster have found that the section only applies to insurers, and that it does not apply to adjusters. See, *Educ. Credit Union v. Great Northern Ins. Co.*, 2018 U.S. Dist. LEXIS 36407 (S.D. Tex., Feb. 16, 2018) (mag.opinion adopted by) *Educ. Credit Union v. Great Northern Ins*. Co., 2018 U.S. Dist. LEXIS 35856 (S.D.Tex March 5, 2018); *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, 3:16-CV-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016); see, *Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co*., 3:15–CV–3741–D, 2016 WL 931217, at *4 (N.D.Tex. Mar. 11, 2016) ("Massey and Cagle are both adjusters, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'"); see, e.g., *Doss v. Warranty Underwriters Ins*. Co., 04–11–00776–CV, 2012 WL 5874316, at *2 (Tex.App.–San Antonio Nov. 21, 2012, no pet.) (noting that provisions such as § 541.060(a)(2)(A) apply "only to the insurer-insured relationship"). Chapter 542 only applies to insurers. See *Richardson E. Baptist Church v. Philadelphia Indem. Ins. Co*., 05–14–01491–CV, 2016 WL 1242480, at *10 (Tex.App.–Dallas Mar. 30, 2016, no. pet. h.); see, e.g., *Mainali Corp. v. Covington Specialty Ins. Co*., 3:15–CV–1087–D, 2015 WL 5098047, at *8 (N.D.Tex. Aug. 31, 2015) ("Chapter 542 only applies to specifically listed 'insurers,' and Summers, an adjuster, is not an insurer."). Further, to the extent pled, Texas law does not recognize a cause of action for negligent claims handling. *Higginbotham v. State Farm Mut. Auto. Ins. Co*., 103 F.3d 456, 460 (5th Cir. 1997).

14.     The claims against the Adjustor Defendants should be ignored for purposes of citizenship.

## C. Amount in Controversy

15. In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); see *Ray v. State Farm Lloyds*, No. CIV.A.3:98- CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

16. The Court may also consider correspondence between the Parties, including responses to disclosure and pre-suit settlement demands to determine the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998) (examining the plaintiffs' pre-complaint demand letters to determine whether a claim for declaratory relief satisfied the requisite amount in controversy); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (considering letter from plaintiff's counsel to defendants wherein the stated amount in controversy exceeded the jurisdictional amount); see also *King v. Ameriprise Fin. Servs., Inc.*, No. C-09-112, 2009 WL 1767641 at *4 (S.D. Tex. 2009) (calling a pre-suit settlement letter relevant evidence of the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim).

17. The amount in controversy in this case exceeds $75,000.00. Plaintiff's petition clearly shows that they seek more than $200,000.00. The suit arises out of the processing of Plaintiff's insurance claim under a home insurance policy issued by the Defendant, Allstate. Plaintiff's petition asserts causes of action for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and Breach of the Duty of Good Faith and Fair Dealing. Plaintiffs seek costs to repair Plaintiff's property, attorney's fees, trebled damages pursuant to the Texas insurance code, and exemplary damages. Plaintiff sent a pre-suit demand for $53,325.55 in property damages alone. Trebeling that amount alone, amounts to more than $150,000.00. That does not take into account Plaintiff's request for other bad faith damages and attorneys fees. Further, prior to removal, Defendant's counsel reached out to Plaintiff's counsel and they were expressly offered the opportunity to stipulate that damages would be less than $75,000.00. Plaintiff's Counsel refused to stipulate.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants remove the State Court Action from Fort Bend County Court, to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

*/s/ Michael C. Maus*

**MICHAEL MAUS**
TBN: 24008803
811 Louisiana, Suite 2400
Houston, TX 77002
Michael.maus@allstate.com
(713) 336-2842
(877) 684-4165 (fax)
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon Plaintiffs' counsel as required by the rules of civil procedure.

BRANT J. STOGNER
ANGELINA WIKE
Abraham, Watkins, Nichols,
Sorrels, Agosto & Aziz
800 Commerce Street
Houston, Texas 77002
Telephone: 713-222-7211
Fax: 713-225-0827
ATTORNEYS FOR PLAINTIFF

*/s/ Michael C. Maus*

**MICHAEL MAUS**