# EXHIBIT C

Exhibit C

7/10/2019 5:22 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35030261
By: Joshua Hall
Filed: 7/10/2019 5:22 PM

2019-46877 / Court: 234

**CAUSE NO. ________**

| | | |
|---|---|---|
| **AHMED MOHAMMED** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, TIMOTHY PAUL MCCLURE, JANIE RENEE WILLIAMS AND JESSICA LEIGH HALL KROMM** | § | |
| | § | **___ JUDICIAL DISTRICT** |
| *Defendants.* | | |

Unofficial Copy Office of Marilyn Burgess District Clerk

**PLAINTIFF'S ORIGINAL PETITION**

COMES NOW, Plaintiff, Ahmed Mohammed ("Plaintiff"), and files this Original Petition, complaining of Defendants Allstate Vehicle and Property Insurance Company, Timothy Paul McClure, Janie Renee Williams and Jessica Leigh Hall Kromm (collectively "Defendants"), and in support would respectfully show this Honorable Court the following:

## I. DISCOVERY CONTROL PLAN

1.1 Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE and affirmatively pleads that he seeks monetary relief over $200,000.00 but not more than $1,000,000.00 at this time. Plaintiff reserves the right to amend this damage calculation as discovery progresses. Plaintiff makes this damage calculation at this time pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE.

1.2 This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

## II. PARTIES

2.1 Plaintiff, Ahmed Mohammed, is a resident of Harris County, Texas.

2.2 Defendant, Allstate Vehicle and Property Insurance Company (hereinafter "ALLSTATE") is an insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan, St. Ste. 900, Dallas, Texas 75201-3135, or wherever else it may be found.

2.3 Defendant, Timothy Paul McClure (hereinafter "MCCLURE"), is an individual and an insurance adjuster licensed by the Texas Department of Insurance. This Defendant may be served with petition and citation at his place of residence located at 2310 Lakeside Trl., Cumming, Georgia 30041, or wherever he may be found.

2.3 Defendant, Janie Renee Williams (hereinafter "WILLIAMS"), is an individual and an insurance adjuster licensed by the Texas Department of Insurance. This Defendant may be served with petition and citation at her place of residence located at 2 Verdana Ct., Simpsonville, South Carolina 29680, or wherever she may be found.

2.4 Defendant, Jessica Leigh Hall Kromm (hereinafter "KROMM"), is an individual and an insurance adjuster licensed by the Texas Department of Insurance. This Defendant may be served with petition and citation at her place of residence located at 912 Manchester Crse., Geneva, Illinois 60134, or wherever she may be found.

2.5 Plaintiff expressly invokes the right under Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE to have the true name(s) of the parties substituted at a later time upon the motion of any party or of this Court.

***2.5 The Clerk is requested to issue Citations as to all Defendants.***

Unofficial Copy Office of Marilyn Burgess District Clerk

## III. MISNOMER/ALTER EGO

1. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV. JURISDICTION

2. Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00, excluding interest and costs. Such damages sought are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

3. The court has jurisdiction over Defendant ALLSTATE because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

4. The court has jurisdiction over Defendants MCCLURE, WILLIAMS and KROMM because these Defendants engage in the business of adjusting insurance claims in Texas, and because Plaintiff's causes of action arise out of these Defendants' business activities in Texas.

## V. VENUE

5. Venue is proper in Harris County, Texas, because the insured property giving rise to this cause of action is situated in Harris County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

## VI. NOTICE AND CONDITIONS PRECEDENT

6. Defendants have been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required.

Unofficial Copy Office of Marilyn Burgess District Clerk

7. All conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendants; and/or Defendants are otherwise estopped from raising any conditions precedent due to Defendant's prior breach of the insurance contract.

## VII. FACTS

8. Plaintiff is the owner of certain real property with improvement (including Plaintiff's home) located at 7011 McClellan Land, Sugar Land, Texas 77479 (the "Property"). The Property was insured by insurance policy number 944942914, issued by Defendant ALLSTATE (the "Policy"). Plaintiff is the owner of the Policy and the named insured on the Policy.

9. On or about August 27, 2017, or another time when the Policy was in effect, a severe storm, "Hurricane Harvey," caused substantial damage to the Property and constituted a covered loss under the Policy. After the loss, Plaintiff made a claim (claim no. 0473966265) and demand for payment on Defendant ALLSTATE for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). After Plaintiff made the Claim, Defendant ALLSTATE assigned or otherwise retained its employees and/or agents Defendants MCCLURE and/or WILLIAMS and/or KROMM to work on Plaintiff's Claim. All Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Defendant ALLSTATE has refused to pay all amounts due and owing under the Policy for the Claim.

10. Defendants MCCLURE and/or WILLIAMS and/or KROMM made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendants MCCLURE and/or WILLIAMS and/or KROMM failed to fully quantify Plaintiff's damages, thus demonstrating that these Defendants

Unofficial Copy Office of Marilyn Burgess District Clerk

did not conduct a thorough investigation of Plaintiff's claim. Defendants MCCLURE and/or WILLIAMS and/or KROMM conducted a substandard investigation of Plaintiff's Claim, evidenced by the estimate issued by Defendants MCCLURE and/or WILLIAMS and/or KROMM and relied upon by Defendants MCCLURE and/or WILLIAMS and/or KROMM and/or ALLSTATE. The damage estimate failed to include all damages to Plaintiff's Property. The damages Defendants MCCLURE and/or WILLIAMS and/or KROMM included in the estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained. Defendants failed to thoroughly review and properly supervise the adjustment of the Claim, including the inspection of the Property, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. Further, Defendants MCCLURE and/or WILLIAMS and/or KROMM knowingly and intentionally overlooked damages at the Property and used an inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim. Because of Defendants MCCLURE's and/or WILLIAMS' and/or KROMM's conduct, Plaintiff's claim was underpaid and partially-denied.

11. Defendant ALLSTATE failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant ALLSTATE refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff. Defendant ALLSTATE's conduct constitutes a breach of the insurance contract between Defendant ALLSTATE and Plaintiff.

Unofficial Copy Office of Marilyn Burgess District Clerk

12. All Defendants misrepresented to Plaintiff that much of the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

13. All Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when ALLSTATE's liability was reasonably clear. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

14. All Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, All Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

15. All Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

16. All Defendants refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendants performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

Unofficial Copy Office of Marilyn Burgess District Clerk

17. Defendant ALLSTATE failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant ALLSTATE's conduct constitutes a violation of TEX.INS.CODE §542.055.

18. Defendant ALLSTATE failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendant ALLSTATE's conduct constitutes a violation of TEX.INS.CODE §542.056.

19. Defendant ALLSTATE failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant ALLSTATE has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendant ALLSTATE's conduct constitutes a violation of TEX.INS.CODE §541.058.

20. From and after the time Plaintiff's claim was presented to Defendant ALLSTATE, the liability of Defendant ALLSTATE to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant ALLSTATE has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant ALLSTATE's conduct constitutes a breach of the common law duty of good faith and fair dealing.

21. All Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

Unofficial Copy Office of Marilyn Burgess District Clerk

22. Because of all Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VIII. CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE

23. Defendant ALLSTATE is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A. Breach of Contract.

24. The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant ALLSTATE. Defendant ALLSTATE breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant ALLSTATE's breach proximately caused Plaintiff's injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

### B. Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

25. The conduct, acts, and/or omissions by Defendant ALLSTATE constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

26. Defendant ALLSTATE's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

Unofficial Copy Office of Marilyn Burgess District Clerk

27. Defendant ALLSTATE's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant ALLSTATE's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

28. Defendant ALLSTATE's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

29. Defendant ALLSTATE's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

30. Defendant ALLSTATE's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

31. Defendant ALLSTATE's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant ALLSTATE refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

Unofficial Copy Office of Marilyn Burgess District Clerk

**C. Prompt Payment Of Claims Violations.**

32. The Claim is a claim under an insurance policy with Defendant ALLSTATE of which Plaintiff gave Defendant ALLSTATE proper notice. Defendant ALLSTATE is liable for the Claim. Defendant ALLSTATE violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant ALLSTATE reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

c) Delaying payment of the Claim following Defendant ALLSTATE's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

33. Defendant ALLSTATE's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

**D. Breach Of The Duty Of Good Faith And Fair Dealing.**

34. Defendant ALLSTATE breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant ALLSTATE knew or should have known that its liability to Plaintiff was reasonably clear. Defendant ALLSTATE's conduct proximately caused Plaintiff injuries and damages.

## IX. CAUSES OF ACTION AGAINST DEFENDANTS MCCLURE, WILLIAMS AND KROMM

35. Defendants MCCLURE and/or WILLIAMS and/or KROMM are insurance adjusters that were assigned or otherwise engaged by ALLSTATE to adjust the claim.

Unofficial Copy Office of Marilyn Burgess District Clerk

**A. Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

36. The conduct, acts, and/or omissions by Defendants MCCLURE and/or WILLIAMS and/or KROMM, while adjusting the Claim constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

37. Defendants MCCLURE and/or WILLIAMS and/or KROMM are each individually liable for unfair and deceptive acts, irrespective of the fact these Defendant was acting on behalf of Defendant ALLSTATE, because Defendants MCCLURE and/or WILLIAMS and/or KROMM are each, individually, a "person" as defined by TEX.INS.CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

38. The unfair settlement practices of Defendants MCCLURE and/or WILLIAMS and/or KROMM, as described above, in misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

39. The unfair settlement practices of Defendants MCCLURE and/or WILLIAMS and/or KROMM, as described above, in failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear,

Unofficial Copy Office of Marilyn Burgess District Clerk

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

40. The unfair settlement practices of Defendants MCCLURE and/or WILLIAMS and/or KROMM, as described above, in failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

41. The unfair settlement practices of Defendants MCCLURE and/or WILLIAMS and/or KROMM as described above, in failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

42. The unfair settlement practices of Defendants MCCLURE and/or WILLIAMS and/or KROMM, as described above, in refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

43. The unfair settlement practices of Defendants MCCLURE and/or WILLIAMS and/or KROMM, as described above, compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendants MCCLURE and/or WILLIAMS and/or KROMM refused to even offer more than their own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

Unofficial Copy Office of Marilyn Burgess District Clerk

**X. KNOWLEDGE**

44. Each of the Defendants' acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

**XI. DAMAGES**

45. Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

46. As previously mentioned, Plaintiff's damages have not been properly addressed or repaired, causing further damages to the Property while also causing undue hardship and a burden on Plaintiff. These damages are a direct result of Defendants mishandling of Plaintiff's Claim in violation of the laws set forth above.

47. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

48. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

49. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to simple interest on the amount of their Claim as damages each year at the rate determined on the date of judgment, by adding five percent (5%) of the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. TEX. INS. CODE §542.060.

Unofficial Copy Office of Marilyn Burgess District Clerk

50. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

51. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XII. JURY DEMAND

52. Plaintiff requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## XIII. REQUEST FOR DISCLOSURE

53. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

## XIV. PRAYER

54. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and

Unofficial Copy Office of Marilyn Burgess District Clerk

post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & AZIZ**

/s/ *Angelina Wike*
Brant J. Stogner
Texas Bar No.: 24038389
bstogner@awtxlaw.com
Angelina Wike
Texas Bar No.: 24091852
awike@awtxlaw.com
800 Commerce Street
Houston, Texas 77002
Telephone: (713) 222-7211
Facsimile: (713) 225-0827

**ATTORNEYS FOR PLAINTIFF**

Unofficial Copy Office of Marilyn Burgess District Clerk

*Ahmed Mohammed v. Allstate Vehicle and Property Insurance Company, et al* Page 15

7/10/2019 5:22:43 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 35030261
By: HALL, JOSHUA E
Filed: 7/10/2019 5:22:43 PM

# CIVIL PROCESS REQUEST

2019-46877 / Court: 234

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** ______________ **CURRENT COURT:** ______________

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiff's Original Petition and Request for Disclosure

**FILE DATE OF MOTION:** 07/10/2019
Month/ Day/ Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**1.** NAME: Allstate Vehicle and Property Insurance Company

ADDRESS: 1999 Bryan, St. Ste. 900, Dallas, Texas 75201-3135

AGENT, (*if applicable*): CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): Citation

**SERVICE BY** (*check one*):

- ☐ **ATTORNEY PICK-UP**
- ☐ **CONSTABLE**
- ☑ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: Peter V. Johnson Phone: 832-209-7760
- ☐ **MAIL**
- ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  Type of Publication: ☐ **COURTHOUSE DOOR, or** ☐ **NEWSPAPER OF YOUR CHOICE:** ______________
- ☐ **OTHER**, *explain* ______________

************************************************************************************

**2.** NAME: Timothy Paul McClure

ADDRESS: 2310 Lakeside Trl., Cumming, Georgia 30041

AGENT, (*if applicable*): ______________

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): Citation

**SERVICE BY** (*check one*):

- ☐ **ATTORNEY PICK-UP**
- ☐ **CONSTABLE**
- ☑ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: Peter V. Johnson Phone: 832-209-7760
- ☐ **MAIL**
- ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  Type of Publication: ☐ **COURTHOUSE DOOR, or** ☐ **NEWSPAPER OF YOUR CHOICE:** ______________
- ☐ **OTHER**, *explain* ______________

Unofficial Copy Office of Marilyn Burgess District Clerk

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Angelina Wike TEXAS BAR NO./ID NO. 24091852

MAILING ADDRESS: Abraham, Watkins, Nichols, Sorrels, Agosto & Aziz, 800 Commerce St. Houston, TX 77002

PHONE NUMBER: 713 (area code) 222-7211 (phone number) FAX NUMBER: 713 (area code) 225-0827 (fax number)

EMAIL ADDRESS: awike@awtxlaw.com

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
______ AMENDED PETITION
______ SUPPLEMENTAL PETITION

COUNTERCLAIM
______ AMENDED COUNTERCLAIM
______ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
______ AMENDED CROSS-ACTION
______ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
______ AMENDED THIRD-PARTY PETITION
______ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
______ AMENDED INTERVENTION
______ SUPPLEMENTAL INTERVENTION

INTERPLEADER
______ AMENDED INTERPLEADER
______ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
ORDER TO: ______________________________
(specify)

MOTION TO: ______________________________
(specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Unofficial Copy Office of Marilyn Burgess District Clerk

7/10/2019 5:22:43 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 35030261
By: HALL, JOSHUA E
Filed: 7/10/2019 5:22:43 PM

# CIVIL PROCESS REQUEST

2019-46877 / Court: 234

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** ____________ **CURRENT COURT:** ____________

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiff's Original Petition and Request for Disclosure

**FILE DATE OF MOTION:** 07/10/2019
Month/ Day/ Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**1.** NAME: Janie Renee Williams

ADDRESS: 2 Verdana Ct., Simpsonville, South Carolina 29680

AGENT, (*if applicable*): ____________

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): Citation

**SERVICE BY** (*check one*):

- ☐ **ATTORNEY PICK-UP**
- ☐ **CONSTABLE**
- ☑ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: Peter V. Johnson Phone: 832-209-7760
- ☐ **MAIL**
- ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  Type of Publication: ☐ **COURTHOUSE DOOR, or** ☐ **NEWSPAPER OF YOUR CHOICE:** ____________
- ☐ **OTHER**, *explain* ____________

*****************************************************************************************

**2.** NAME: Jessica Leigh Hall Kromm

ADDRESS: 912 Manchester Crse., Geneva, Illinois 60134

AGENT, (*if applicable*): ____________

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): Citation

**SERVICE BY** (*check one*):

- ☐ **ATTORNEY PICK-UP**
- ☐ **CONSTABLE**
- ☑ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: Peter V. Johnson Phone: 832-209-7760
- ☐ **MAIL**
- ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  Type of Publication: ☐ **COURTHOUSE DOOR, or** ☐ **NEWSPAPER OF YOUR CHOICE:** ____________
- ☐ **OTHER**, *explain* ____________

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Angelina Wike TEXAS BAR NO./ID NO. 24091852

MAILING ADDRESS: Abraham, Watkins, Nichols, Sorrels, Agosto & Aziz, 800 Commerce St. Houston, TX 77002

PHONE NUMBER: 713 (area code) 222-7211 (phone number) FAX NUMBER: 713 (area code) 225-0827 (fax number)

EMAIL ADDRESS: awike@awtxlaw.com

Unofficial Copy Office of Marilyn Burgess District Clerk

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
______ AMENDED PETITION
______ SUPPLEMENTAL PETITION

COUNTERCLAIM
______ AMENDED COUNTERCLAIM
______ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
______ AMENDED CROSS-ACTION
______ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
______ AMENDED THIRD-PARTY PETITION
______ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
______ AMENDED INTERVENTION
______ SUPPLEMENTAL INTERVENTION

INTERPLEADER
______ AMENDED INTERPLEADER
______ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:

ORDER TO: ________________________________
(specify)

MOTION TO: ______________________________
(specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Unofficial Copy Office of Marilyn Burgess District Clerk



# MARILYN BURGESS

HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

## CAUSE NUMBER: 2019-46877

**ATY X** **CIV** **COURT 234**

**REQUESTING ATTORNEY/FIRM NOTIFICATION**

***ATTORNEY: WIKE, ANGELINA** **PH: 713-222-7211**

***CIVIL PROCESS SERVER: PRO ACTIVE LEGAL SOLUTIONS**

***PH: 832-209-7760** **BOX: 30**

***PERSON NOTIFIED SVC READY:** Alma L

*** NOTIFIED BY: JOSHUA HALL**

**DATE:** 7-16-19

| Type of Service Document | Tracking Number |
| --- | --- |
| Citation | **73645248** |
| | |
| | |
| | |
| | |
| | |
| | |

**Process papers prepared by:** **J. HALL**

**Date: 07/12/2019** **30 days waiting** **08/12/2019**

***Process papers released to:** [signature]
**(PRINT NAME)**

2818275275
***(CONTACT NUMBER)**

[signature]
**(SIGNATURE)**

***Process papers released by:** Kevin Childs
**(PRINT NAME)**

[signature]
**(SIGNATURE)**

*** Date:** 7-16-19 **, 2019 Time:** 12:52 **AM / (PM)**

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

Revised 12-15-2014

Unofficial Copy Office of Marilyn Burgess District Clerk

7/17/2019 3:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35210110
By: Cynthia Clausell-McGowan
Filed: 7/17/2019 3:32 PM

NICK C. NICHOLS, P.C. ++
RANDALL O. SORRELS, P.C.*+
BENNY AGOSTO, JR, P.C.*
MUHAMMAD S. AZIZ, P.C.*
BRANT J. STOGNER, P.C.*

IMRANA MANZANARES, R.N., J.D.
KELLY M. WOODS
MICHELLE A. CIOLEK
JONATHAN D. SNEED
CIRO J. SAMPERI
JENNIFER O'BRIEN STOGNER**
ANGELINA WIKE
LENA B. LAURENZO
ALEXANDRA L. FARIAS-SORRELS**
KARL P. LONG

LAW OFFICES
ABRAHAM, WATKINS, NICHOLS,
SORRELS, AGOSTO & AZIZ

800 COMMERCE STREET
HOUSTON, TEXAS 77002-1776
(713) 222-7211
FAX (713) 225-0827
1-800-870-9584
www.abrahamwatkins.com

FRANK T. ABRAHAM
(1924-2004)

W. W. WATKINS
(1920-1987)

*BOARD CERTIFIED: PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

**OF COUNSEL

+BOARD CERTIFIED: CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

++RETIRED PARTNER

July 17, 2019

**Via E-filing**
Harris County District Clerk

RE: Envelope Id: 35030261
Case #: 201946877
Case Name: Mohammed, Ahmed v Allstate Vehicle and Property Insurance Company, et al.

Dear Clerk of the Court:

Please issue citations for the remaining Defendants in this case as outlined below:

1. Timothy Paul McClure
2. Janie Renee Williams
3. Jessica Leigh Hall Kromm

They were inadvertently omitted from the additional services section of the filing. Please contact me at chernandez@awtxlaw.com or 713-222-7211 if I can provide you with any additional information.

Sincerely,

***/s/ Clarisa Hernandez***
Clarisa Hernandez
Paralegal to Angelina Wike

Unofficial Copy Office of Marilyn Burgess District Clerk

ENTERED ______
VERIFIED LJ

# MARILYN BURGESS
HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

**CAUSE NUMBER:** 2019-46877

**ATY** ______ **CIV** X **COURT** 234th

**REQUESTING ATTORNEY/FIRM NOTIFICATION**

***ATTORNEY:** Wike, Angelina **PH:** 713.222.7211

***CIVIL PROCESS SERVER:** Peter V Johnson #80
***PH:** 832.209.7760

***PERSON NOTIFIED SVC READY:** ______

*** NOTIFIED BY:** ______

***DATE:** ______

| | |
|---|---|
| Type of Service Document: **CITATION** | Tracking Number 73647226 |
| Type of Service Document: Cit | Tracking Number 73647227 |
| Type of Service Document: Cit | Tracking Number 73647229 |
| Type of Service Document: | Tracking Number |
| Type of Service Document: | Tracking Number |
| Type of Service Document: | Tracking Number |
| Type of Service Document: | Tracking Number |

**Process papers prepared by: Cynthia Clausell**

**Date:** 7/18/2019 **30 days waiting** 8/18/2019

***Process papers released to:** P. Johnson
(PRINT NAME)
281 327 5278
***(CONTACT NUMBER)**
(SIGNATURE)

***Process papers released by:** I Collins
(PRINT NAME)
N. Collins
(SIGNATURE)

*** Date:** 9-15-19, 2019 **Time:** 1:25 AM (PM)

**Entire document must be completed (do not change this document)** Revised 1/3/2019

Unofficial Copy Office of Marilyn Burgess District Clerk

7/19/2019 9:30 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35261265
By: bradley darnell
Filed: 7/19/2019 9:30 AM

CAUSE NO. 201946877

RECEIPT NO. 0.00 CIV
********** TR # 73645248

PLAINTIFF: MOHAMMED, AHMED
vs.
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

In The 234th
Judicial District Court
of Harris County, Texas
234TH DISTRICT COURT
Houston, TX

CITATION

54033-1

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (AN INSURANCE COMPANY)
MAY BE SERVED WITH PROCESS BY SERVING ITS REGISTERED AGENT
CT CORPORATION SYSTEM
OR WHEREVER ELSE IT MAY BE FOUND
1999 BRYAN ST STE 900 DALLAS TX 75201 - 3135
Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 10th day of July, 2019, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This citation was issued on 12th day of July, 2019, under my hand and seal of said Court.

Issued at request of:
WIKE, ANGELINA ELAINE
800 COMMERCE STREET
HOUSTON, TX 77002
Tel: (713) 222-7211
Bar No.: 24091852

[Seal: DISTRICT COURT OF HARRIS COUNTY TEXAS]

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: HALL, JOSHUA EVERETT GLH//11273337

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 4:30 o'clock P.M., on the 17TH day of July, 2019.

Executed at (address) 1999 Bryan Street Dallas, Tx 75201 in Dallas County at 11:30 o'clock A.M., on the 18TH day of July, 2019, by delivering to Allstate Vehicle & Property Ins. defendant, in person, a true copy of this Citation together with the accompanying 1 copy(ies) of the Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this 18TH day of July, 2019.

FEE: $ N/A

Steele Shepherd
PSC-12714
EXP-6/30/2020

[Signature] Steele Shepherd
of Tarrant County, Texas

[Signature]
Affiant

By ______
Deputy

On this day, Steele Shepherd, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 18th day of July, 19.

[Signature]
Notary Public

GIOVANNI LOPEZ
Notary ID #130966365
My Commission Expires
Jan 17, 2021

*73645248*

Unofficial Copy Office of Marilyn Burgess District Clerk

7/30/2019 10:06 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35530532
By: bradley darnell
Filed: 7/30/2019 10:06 AM

CAUSE NO. 201946877

RECEIPT NO. 0.00 CIV
********** TR # 73647227

PLAINTIFF: MOHAMMED, AHMED
vs.
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

In The 234th
Judicial District Court
of Harris County, Texas
234TH DISTRICT COURT
Houston, TX

CITATION (NON-RESIDENT)

54033-3

THE STATE OF TEXAS
County of Harris

TO: WILLIAMS, JANIE RENEE
OR WHEREVER SHE MAY BE FOUND

2 VERDANA CT SIMPLEVILLE SC 29680

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 10th day of July, 2019, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This citation was issued on 18th day of July, 2019, under my hand and seal of said Court.

DISTRICT COURT OF HARRIS COUNTY, TEXAS

Marilyn Burgess

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Issued at request of:
WIKE, ANGELINA ELAINE
800 COMMERCE STREET
HOUSTON, TX 77002
Tel: (713) 222-7211
Bar No.: 24091852

Generated By: CLAUSELL,CYNTHIA RGI//11279027

STATE OF ____________

County of ____________

OFFICER/AUTHORIZED PERSON RETURN

PERSONALLY APPEARED before me, the undersigned authority, ____________________ who being by me duly sworn, deposes and says that in the County of ____________ State of ____________ he delivered to the within named defendants in person at the following times and places to wit:

AFFIDAVIT ATTACHED

| NAME | DATE | | | TIME | | PLACE |
|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | HOUR | MIN. | |
| | | | | | | |

a true copy of this notice, with a copy of:

accompanying same; and further, that he is an adult and is in no manner interested in this suit and is the person competent to make oath of the fact.

____________________
Affiant/Deputy

On this day, ____________________, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of ____________, _____.

____________________
Notary Public

Unofficial Copy Office of Marilyn Burgess District Clerk

# AFFIDAVIT OF SERVICE

**State of South Carolina** **County of Harris** **234th Judicial Disctrict**

**Ahmed Mohammed, et al, Plaintiff(s)**

**vs.**

**Allstate Vehicle and Property Insurance Company, et al, Defendant(s)**

**Case No: 2019-46877**

**For:**

**PROACTIVE LEGAL SOLUTIONS**
**440 Benmar Drive, Suite 3000**
**Houston, TX 77060**

**To be served on:** **Janie Renee Williams**

**Missy Weller**, undersigned, being duly sworn, deposes and says:
that on **23-Jul-2019 03:57 pm** at **2 Veranda Court, Simpsonville, SC**
the undersigned served the documents described as:

**Citation**

**Plaintiff's Original Petition**

A true and correct copy of the aforesaid document(s) was served on:
**Janie Renee Williams**

By personally delivering them into the hands of same.

The person receiving documents is described as follows:

Sex F ; Race White ; Hair Color brown ; Facial Hair N/A
Approx. Age 37 ; Approx. Height 5'03" ; Approx. Weight 145

☑ To the best of my knowledge and belief, said person was not engaged in the US Military at the time of service.

Subscribed and sworn to before me this 25 day of **July, 2019.**

[signature]
NOTARY PUBLIC
My Commission Expires: 3-14-27

Mary Barton
Notary Public, State of South Carolina
My Commission Expires March 14, 2027

I certify that I am over the age of 18, have no interest in the above action. Undersigned declares under penalty of perjury that the foregoing is true and correct.

[signature]
**Missy Weller**
**Process Server**

**Southern Pride Process, LLC**
**(803) 386-8559**
**PO Box 7125**
**Columbia, SC 29202-7125**

SPP File: **107607-1**

Client File: **54033-3**

Unofficial Copy Office of Marilyn Burgess District Clerk

8/1/2019 11:19 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35610170
By: Iris Collins
Filed: 8/1/2019 11:19 AM

CAUSE NO. 2019-46877

| | |
|---|---|
| AHMED MOHAMMED,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, TIMOTHY PAUL MCCLURE, JANIE RENEE WILLIAMS AND JESSICA LEIGH HALL KROMM,<br><br>Defendants. | IN THE DISTRICT COURT<br><br>234TH JUDICIAL DISTRICT<br><br>HARRIS COUNTY, TEXAS |

**DEFENDANTS' ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Defendants in the above styled and numbered cause of action, and in response to the complaints filed against them, would respectfully show unto this Honorable Court and Jury as follows:

## I. GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

## II. SPECIFIC DENIALS

In addition to any Notice required by the applicable insurance policy, Defendant denies that Plaintiff provided the pre-suit Notice required by Chapter 542A.003 of the Texas Insurance Code and Texas Business & Commerce Code § 17.505 (Texas Deceptive Trade Practices Act). Defendant files this answer subject to its verified Motion to Abate.

Unofficial Copy Office of Marilyn Burgess District Clerk

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit. All or part of Plaintiff's claims are excluded by the applicable insurance policy.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law. Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## III. REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l). If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

Unofficial Copy Office of Marilyn Burgess District Clerk

## IV. JURY DEMAND

Defendants, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, formally request a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

## V. DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic

service email address, and service through any other email address will be considered invalid.

**VI. PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**MICHAEL MAUS**
TBN: 24008803
811 Louisiana St Ste 2400
Houston, TX 77002-1401
HoustonLegal@allstate.com
(713) 336-2842
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT

Unofficial Copy Office of Marilyn Burgess District Clerk

Mohammed vs. Allstate, et al.
Defendants' Original Answer and Request for Disclosure
0473966265.1
Page **3** of **4**

**CERTIFICATE OF SERVICE**

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendants' Original Answer has been delivered to all interested parties on the 1st day of August, 2019, to:

Attorney for Plaintiff, Mohammed
Brant J. Stogner, Esq.
Abraham, Watkins, Nichols, Sorrels, Agosto & Aziz
800 Commerce St
Houston TX 77002-1776 ***VIA E-SERVE***

**MICHAEL MAUS**

Unofficial Copy Office of Marilyn Burgess District Clerk

Mohammed vs. Allstate, et al.
Defendants' Original Answer and Request for Disclosure
0473966265.1
Page **4** of **4**